# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: Cassie Marie Simpkins    Case Number: 3:12CR00102-01

Name of Judicial Officer: Honorable Michael R. Barrett, Southern District of Ohio, U.S. District Judge; Jurisdiction transferred to MD/TN on June 6, 2012, and Reassigned to the Honorable Kevin H. Sharp, U.S. District Judge.

Date of Original Sentence: February 8, 2010

Original Offense: 8 U.S.C. § 1325 - Marriage Fraud

Original Sentence: Three (3) years' probation

Type of Supervision: Probation    Date Supervision Commenced: February 8, 2010

Assistant U.S. Attorney: Sandra Moses    Defense Attorney: To Be Determined

## PETITIONING THE COURT

**X**  To issue a Summons.
___  To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☑ The Issuance of a Summons
☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_/s/_
Sr. U.S. Probation Officer
Paul Montgomery

Considered this 10th day of September, 2012 and made a part of the records in the above case.

_/s/_
U. S. District Court Judge
Kevin H. Sharp

Place: Nashville, TN

Date: August 31, 2012

# ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision.

| Violation No. | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall not commit another federal state or local crime.** |

The defendant was arrested by Metro-Nashville Police Department, Nashville, Tennessee, on July 28, 2012, and charged with two counts of Theft of Merchandise - $500 or less. According to the criminal affidavit, the defendant was observed shoplifting at Target Store, located at 3171 Lebanon Pike. She filled a shopping cart with merchandise and left the store without paying for the merchandise. Ms. Simpkins has a court appearance on September 5, 2012, in Davidson County Criminal Court, Nashville, Tennessee.

The defendant was arrested by Metro-Nashville Police Department, Nashville, Tennessee, on August 29, 2012, and charged with Driving Under the Influence of an Intoxicant, and Implied Consent. According to the criminal affidavit, the defendant was stopped for stopping her vehicle in the roadway, blocking a lane of traffic at 13th Avenue and Demonbreun Street. The defendant appeared to be intoxicated. After exiting the vehicle the officer observed the defendant was unsteady on her feet and her speech was slurred. She admitted she had taken Xanax and Hydrocodone, for which she had a prescription. She was arrested and read the Implied Consent Law. When asked to submit to a blood test, she initially agreed to the test, then changed her mind and asked to be taken to jail. Her court date is September 19, 2012.

| | |
| --- | --- |
| 2. | **The defendant shall participate in a program of drug testing and substance abuse treatment.** |

The defendant was placed on random urine drug testing by the probation officer. Ms. Simpkins failed to report for random testing on nine (9) occasions between November 2011 and May 2012. Because of her inconsistent reporting, the defendant was eventually required to wear a drug detection sweat patch which only required weekly reporting.

| | |
| --- | --- |
| 3. | **The defendant shall not illegal possess a controlled substance.** |

The defendant submitted a urine screen on December 13, 2011, which was positive for marijuana. The defendant denied she knowingly used marijuana. She stated that she went to a neighbor's house and they offered her some "special brownies", which she accepted.

The defendant submitted a urine screen on May 5, 2012, which was positive for cocaine. She admitted she had snorted a line of cocaine while hanging out with friends.

4. **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

   Ms. Simpkins associated with individuals who were engaged in criminal activity by obtaining and using illegal drugs with those individuals. The defendant also knowingly engaged in criminal activity with her roommate, Nikole Church, on July 28, 2012, when they committed shoplifting at the Target Store.

   When asked to provide additional information about her roommate, the defendant admitted she and Nikole Church were acquaintances from Ohio, and she also was aware Ms. Church has at least one felony conviction.

5. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

   The probation officer received notification on July 4, 2012, that law enforcement had made contact with the defendant. Ms. Simpkins did not report this contact to the probation officer. When questioned about it on July 11, 2012, she stated that Wilson County Sheriff Deputies came to her residence and stated that someone had reported that she was selling "pills" out of her home. She allowed the deputies to search the residence, but no evidence of illegal activity was found. We also discussed law enforcement contact she had on July 10, 2012. Simpkins stated her vehicle was pulled over after she failed to stop at a stop sign. This officer reminded the defendant that she must report any contact with law enforcement within 72 hours.

   The defendant did not notify the probation officer that police were called to her residence on August 10, 2012. When questioned about this matter, she informed this officer the matter involved a dispute between her roommate, Nikole Church, and the father of Simpkins' children, Donnie Towner. Ms. Church assaulted the police by striking the officer in the face. As noted in the previous paragraph, the defendant has been previously notified that she must report all contact with law enforcement.

   The defendant failed to notify the probation officer within 72 hours of her arrest on August 29, 2012, for Driving Under the Influence, and Implied Consent.

6. **The defendant shall pay a $100 special assessment fee.**

   Ms. Simpkins has been on probation for two and a half years and still has not paid her $100 special assessment. This probation officer discuss this matter with her on March 7, 2012, and again on May 9, 2012. She promised she would begin making payments towards this fee, but has not yet done so.

**Compliance with Supervision Conditions and Prior Interventions:**

Ms. Simpkins began her term of probation of February 8, 2010, in the Southern District of Ohio (SD/OH). Courtesy supervision was requested from the SD/OH in August 2011. Jurisdiction was accepted in the Middle District of Tennessee (MD/TN) on June 6, 2012. The conditions of probation were reviewed with the defendant in the SD/OH on April 14, 2010, and again in the MD/TN on October 6, 2011. After reviewing the terms and conditions of probation with the defendant, she signed and dated the judgment acknowledging the conditions had been explained to her.

Because of the defendant's transportation problems, she was not immediately referred to outpatient substance abuse treatment. Ms. Simpkins, on her own, attended a one-week substance abuse detoxification program at Rolling Hills Hospital, Franklin, Tennessee, in March 2012, to assist her with medical detoxification to terminate her methadone maintenance program.

On August 1, 2012, the defendant was questioned about her July 28, 2012 arrest for Theft. Ms. Simpkins admitted she placed clothing items in a shopping cart and left the store in an attempt to steal the items. Initially, Ms. Simpkins stated she had children's clothing in the shopping cart, but when pressed further, she admitted there were also adult items in the cart for herself and her roommate, Nikole Church. The defendant stated she and Nikole met when each lived in Ohio. According to Ms. Simpkins, the items stolen were valued at more than $400. I admonished the defendant for her conduct and reminded her that she is still on probation and needs to comply with her conditions of supervision. Defendant stated that Nikole was not arrested, and she posted her bond of $337. The defendant's court hearing is September 5, 2012.

The probation officer believes the defendant has violated her conditions of probation. This defendant has been marginally compliant, at best, with regard to complying with her conditions. It has been explained to the defendant that she must pay the special assessment prior to terminating probation. Although the defendant has informed the probation officer she does not want to have her probation revoked and be sent to serve a term of incarceration, she has not clearly demonstrated a serious desire to remain on probation.

**Update of Offender Characteristics:**

The defendant is not currently employed, and has not reported any verifiable employment to the probation office. She resides in Nashville with her children, and roommate, Nikole Church.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a summons be issued for defendant Cassie Marie Simpkins to appear before the Court to answer to the violation behavior outlined above.

This matter has been submitted to Assistant U.S. Attorney Sandra Moses, who concurs with the recommendation.

Approved: _____
Kenneth Parham
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. CASSIE MARIE SIMPKINS, CASE NO. 3:12CR00102-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECTION ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class D felony)** *18 U.S.C. § 3583(e)(3)* | **5 to 11 months** | **No recommendation** |
| SUPERVISED RELEASE: | **36 months** | **36 months less any term of imprisonment** *18 U.S.C. 3583(h)* | **No recommendation** |

Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Paul Montgomery
U.S. Probation Officer

Approved: _____
Kenneth Parham
Supervising U.S. Probation Officer